UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HECTOR SOTO and LORETTA SOTO,

                                   Plaintiffs,                        19 cv 6721 (FB)(PK)

    -against-

                                                               AMENDED
DELTA AIR LINES, INC. and AERO JFK, LLC,        COMPLAINT

                                 Defendants.          Jury Trial Demanded
------------------------------------------------------------------------x

The plaintiffs, by their attorneys, LEVINE & GROSSMAN, complaining of the defendants herein, respectfully shows to this Court and alleges, upon information and belief, as follows:

<u>**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, HECTOR SOTO**</u>

1.      That at all times hereinafter alleged, and upon information and belief, the plaintiff HECTOR SOTO, was and still is a resident of Nassau County.

2.      That at all times hereinafter alleged, and upon information and belief, the defendant, DELTA AIR LINES, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3.      That at all times hereinafter alleged, and upon information and belief the defendant, DELTA AIR LINES, INC., was and still is a foreign business corporation authorized to do business under and by virtue of the laws of the State of Delaware.

4.      That at all times hereinafter alleged, and upon information and belief the defendant, DELTA AIR LINES, INC., was a company organized and existing under and by virtue of the laws of the State of New York.

5.      That at all of the times hereinafter mentioned, and upon information and belief, the

defendant, DELTA AIR LINES, INC., was and still is a limited liability corporation authorized to

do business under and by virtue of the laws of the State of New York.

6.      That at all of the times hereinafter mentioned, and upon information and belief, the

defendant, DELTA AIR LINES, INC., maintained a principal place of business in the County of

Queens, State of New York.

7.      That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017 , the defendant, DELTA AIR LINES, INC., owned the premises known as

Cargo Building 21, JFK Airport, County of Queens and State of New York.

8.      That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017 the defendant, DELTA AIR LINES, INC.,  managed the premises known as

Cargo Building 21, JFK Airport, County of Queens and State of New York.

9.      That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017 , the defendant, DELTA AIR LINES, INC., leased the premises known as

Cargo Building 21, JFK Airport, County of Queens and State of New York

10.     That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017,  the defendant, DELTA AIR LINES, INC., operated the premises known as

Cargo Building 21, JFK Airport, County of Queens and State of New York.

11.     That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017, the defendant, DELTA AIR LINES, INC., maintained the premises known as

Cargo Building 21, JFK Airport, County of Queens and State of New York

12.     That at all times hereinafter alleged, and upon information and belief, prior to and

-4-

on October 16, 2017, the defendant, DELTA AIR LINES, INC., controlled the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

13.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 the defendant, DELTA AIR LINES, INC., supervised the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

14.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017, the defendant DELTA AIR LINES, INC., entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services, at the premises known at Cargo Building 21, JFK Airport, County of Queens and State of New York.

15.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 the defendant, DELTA AIR LINES, INC., entered into a contract to provide and perform certain work, labor and/or services at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

16.     That on October 16, 2017  and upon information and belief, the defendant DELTA AIR LINES, INC., was performing certain work, labor and/or services at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

17.     That on October 16, 2017, and upon information and belief, the defendant, DELTA AIR LINES, INC., was the general contractor at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

18.     That on October 16, 2017, and upon information and belief, the defendant, DELTA AIR LINES, INC., was the project manager at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

19.     That on October 16, 2017, and upon information and belief, the defendant, DELTA AIR LINES, INC., was contractor at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

20.     That on October 16, 2017, and upon information and belief, the defendant, DELTA AIR LINES, INC., was performing certain work, labor and/or services at the aforesaid location and directed, supervised and controlled all of the work and/or services performed in and about the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

21.     That at all the times hereinafter alleged, and upon information and belief, the defendant, AERO JFK, LLC, was and still is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

22.     That at all times hereinafter alleged, and upon information and belief the defendant, AERO JFK, LLC, was and still is a foreign business corporation authorized to do business under and by virtue of the laws of the State of Delaware.

23.     That at all times hereinafter alleged, and upon information and belief the defendant, AERO JFK, LLC,  was a company organized and existing under and by virtue of the laws of the State of New York.

24.     That at all of the times hereinafter mentioned, and upon information and belief, the defendant, AERO JFK, LLC, was and still is a limited liability corporation authorized to do business under and by virtue of the laws of the State of New York.

25.     That at all of the times hereinafter mentioned, and upon information and belief, the defendant, AERO JFK, LLC, maintained a principal place of business in the County of Queens, State of New York.

-6-

26.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 , the defendant, AERO JFK, LLC, owned the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

27.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 the defendant, AERO JFK, LLC,  managed the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

28.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 , the defendant, AERO JFK, LLC, leased the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York

29.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017,  the defendant, AERO JFK, LLC, operated the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

30.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017, the defendant, AERO JFK, LLC, maintained the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York

31.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017, the defendant, AERO JFK, LLC, controlled the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

32.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 the defendant, AERO JFK, LLC, supervised the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

33.     That at all times hereinafter alleged, and upon information and belief, prior to and

on October 16, 2017, the defendant AERO JFK, LLC, entered into an agreement and/or arrangement to provide and perform certain work, labor and/or services, at the premises known at Cargo Building 21, JFK Airport, County of Queens and State of New York.

34.     That at all times hereinafter alleged, and upon information and belief, prior to and on October 16, 2017 the defendant, AERO JFK, LLC, entered into a contract to provide and perform certain work, labor and/or services at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

35.     That on October 16, 2017  and upon information and belief, the defendant AERO JFK, LLC, was performing certain work, labor and/or services at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

36.     That on October 16, 2017, and upon information and belief, the defendant, AERO JFK, LLC, was the general contractor at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

37.     That on October 16, 2017, and upon information and belief, the defendant ,AERO JFK, LLC, was the project manager at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

38.     That on October 16, 2017, and upon information and belief, the defendant, AERO JFK, LLC, was contractor at the premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

39.     That on October 16, 2017, and upon information and belief, the defendant, AERO JFK, LLC, was performing certain work, labor and/or services at the aforesaid location and directed, supervised and controlled all of the work and/or services performed in and about the

-8-

premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York.

40.     That it was the duty of the defendants to maintain the aforesaid premises in a safe condition and to take suitable precautions to the safety of persons lawfully on the aforesaid premises.

41.     That on October 16, 2017, the plaintiff, HECTOR SOTO, was lawfully upon the aforesaid premises under construction and/or renovation performing his duties and work.

42.     That on October 16, 2017 , while the plaintiff, HECTOR SOTO , was lawfully on the aforesaid premises under construction and/or renovation known as Cargo Building 21, JFK Airport, County of Queens and State of New York., when was caused to be severely and permanently injured as a result of the negligence of the defendants herein.

43.     The defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions to the safety of persons lawfully on the aforesaid premises.

44.     Defendants, through themselves, their agents, servants, and/or employees, were negligent in the ownership, operation, management, maintenance, control and supervision of a construction and/or renovation project, at premises known as Cargo Building 21, JFK Airport, County of Queens and State of New York; in causing and creating a danger, a nuisance, a hazard and a trap; in causing and creating and permitting and allowing dangerous defective condition; in failing and neglecting to properly inspect the work areas, in thereby causing and creating a menace, trap and hazard to those persons lawfully performing their duties and work at said areas; in

-9-

allowing a dangerous condition , nuisance, hazard and trap to exist for unusually long period of time; in allowing, permitting and creating a dangerous and defective condition to exist upon the aforesaid area; in knowing the existence of said dangerous condition same when in exercise of due care and caution the aforesaid condition could and should have been discovery and removed; in having actual and constructive notice of the aforesaid condition; in failing to warn and protect persons lawfully upon the aforesaid premises under construction and/or renovation at premises known as and by street number Cargo Building 21, JFK Airport, County of Queens and State of New York.; in failing to post warning signs, erect barricades to protect persons lawfully upon the aforesaid area and in particular, the plaintiff; in failing to take the necessary care and caution to prevent the occurrence of the accident herein complained of; in failing to keep and maintain the aforesaid area and equipment in a safe and proper condition; in unnecessarily exposing the plaintiff to danger; in disregarding their duty and obligation by permitting and allowing the creating and causation fo a dangerous condition to exist thereat and in failing to rectify same; in failing to provide the appropriate tools and equipment necessary for the task to be performed; in failing to inspect the equipment; in allowing inappropriate equipment to be utilized; in failing to provide necessary safety equipment; in failing to provide instruction for the utilization of equipment; in failing to inspect equipment being used on the job site; in failing to remove improper and unsafe equipment from use; in knowing of the existence of said dangerous condition and in failing to rectify same when in the exercise of due care and caution on the aforesaid condition could and should have been discovered and rectified; in failing to exercise due diligence; in that defendants, through themselves, their agents, servants, and/or employees violated the applicable sections of the Labor Law of the State of New York and the Industrial Code and are strictly liable to plaintiff for

his injuries under the applicable sections of the Labor Law; that plaintiff reserves the right to rely on the Doctrine of Res Ipsa Loquitur; and in that defendants, through themselves, their agents, servants and/or employees were otherwise careless and negligent in the premises.

45.     Upon information and belief, that at all the times and places hereinafter mentioned, the defendants herein, through itself, themselves, its and/or their agents, servants, and or employees had the duty and was under an obligation to provide the plaintiff herein with a safe place to perform his duties and work.

46.     That the aforesaid occurrence caused solely and wholly as a result of the negligence of the defendants herein and/or their agents, servants and/or employees, and without any negligence on the part of the plaintiff in any way contributing thereto.

47.     That as a result of the foregoing, the plaintiff sustained serious and severe injuries and was rendered sick, sore, lame and disabled; he was caused to suffer great pain, discomfort and disability and, continues to suffer pain, discomfort and disability to the present and upon information and belief, will continue to suffer great pain, disability and discomfort for long period of time to come in the future; that this plaintiff was cause to undergo hospital and medical care, aid and attention, and upon information and belief will continue to be required to undergo medical care, aid and attention for a long period of time to come in the future; that this plaintiff was caused to be incapacitated from his usual vocation and avocation, and continues to be caused to remain away from his usual vocation and avocation to the present and will, upon information and belief; remain so incapacitated for the remainder of his natural life.

48.     That as a result of the foregoing, the plaintiff, HECTOR SOTO, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

-11-

## AS AND FOR SECOND CAUSE OF
## ACTION AGAINST THE DEFENDANTS

49.     Plaintiffs, repeat and reallege each and every allegation contained in the

paragraphs "1" through "48" inclusive, with the same force and effect as thought more fully set

forth at length herein.

50.     That the defendants violated Section 200, 240, and 241(6) of the New

York Labor Law.

51.     That the defendants violated the Industrial Code of the State fo New York.

52.     That as a result of the foregoing, the plaintiff, HECTOR SOTO, has been damaged

in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF, LORETTA SOTO

53.     The Plaintiff, LORETTA SOTO, repeats, reiterates and realleges each and every

allegation as is contained in paragraphs marked and numbered "1" through "52", both inclusive, of

this Amended Complaint, as if the same were more fully set forth herein at length.

54.     That at all the times herein mentioned the Plaintiff, LORETTA SOTO, was and

continues to be the lawful wife of the Plaintiff, HECTOR SOTO, and as such she was entitled to

the economic support, society, companionship and consortium of her said husband, the Plaintiff,

HECTOR SOTO.

55.     That as a result of the foregoing, the Plaintiff, LORETTA SOTO, was deprived of

the economic support, society, companionship and consortium of her said husband, the Plaintiff,

HECTOR SOTO.

-12-

56.    That as a result of the foregoing the Plaintiff, LORETTA SOTO, has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction herein.

WHEREFORE, plaintiffs demand judgment against the Defendants for the First Cause of Action in excess of the jurisdictional amounts of the lower Courts and for the Second Cause of Action, in excess of the jurisdictional amounts of the lower Courts and for the Third Cause of Action, in excess of the jurisdictional amounts of the lower Courts all together with the costs and disbursements of this action.

Dated:     Mineola, New York
           January 27, 2020

                                    LEVINE & GROSSMAN

                                    By: _____
                                    SCOTT D. RUBIN (SDR-9765)
                                    levinengrossman@aol.com
                                    Attorneys for Plaintiffs
                                    114 Old Country Road
                                    Mineola, New York 11501
                                    (516) 248-7575

-13-

CLIENT VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

HECTOR SOTO , being duly sworn deposes and says:   I am a plaintiff in the action herein;

I have read the annexed Amended Complaint and knows the contents thereof, and the same are true

to my knowledge, except those matters therein which are stated to be alleged on information and

belief, and as to those matters, I believe them to be true.

_____
HECTOR SOTO

Sworn to before me this
____ day of January, 2020

_____
Notary Public

MIRANDA CIORRA
Notary Public, State of New York
No. 01CI6252448
Qualified in Nassau County
Commission Expires 12/05/20___

-14-